NICHOLAS SEPCICH, Respondent, Appellant, v. JOSEPH TARABOCCHIA, Defendant, and VALENTINE & COMPANY, INC., Appellant, Respondent.— Order restraining appellant Valentine & Company, Inc., from taking any action to enforce the judgment recovered by it against the copartnership of Joseph Tarabocchia and Nicholas Sepcich, reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Upon the facts disclosed in this record we are of the opinion that the granting of the order was an improper exercise of the court's discretion. Appeal by the plaintiff dismissed, without costs. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

THE SIX REALTY CO., INC., Respondent, v. IRVING O'MELIA and MARGARET H. LANG, Appellants.— From a judgment which annuls and sets aside two certain deeds of conveyance of real property the defendants appeal. Judgment affirmed, with costs. No opinion. Lazansky, P. J., Carswell and Close, JJ., concur; Hagarty and Taylor, JJ., dissent, vote to reverse and grant a new trial on the ground that the determination is against the weight of the evidence.

MAX D. STEUER, Respondent, v. EDGAR F. LUCKENBACH, as Administrator, etc., of ANDREA F. LUCKENBACH, Deceased, Appellant.— Defendant appeals from an order substituting for a deceased defendant the administrator of her estate, amending the title of the action accordingly, directing that all further proceedings be had against the said administrator and that judgment be entered against the administrator, and from the judgment entered pursuant to said order. Order and judgment affirmed, with ten dollars costs and disbursements. By an affirmance the same result is reached as would be attained if the provisions of section 478 of the Civil Practice Act were invoked. Lazansky, P. J., Carswell and Taylor, JJ., concur; Adel, J., with whom Hagarty, J., concurs, dissents and votes to reverse and deny the motion, with the following memorandum: Section 478 of the Civil Practice Act provides the proper procedure, which should be followed. Judgment should be entered without having the decedent's personal representative substituted in the action.

DANIEL J. SULLIVAN, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— From a judgment in favor of the plaintiff in an action for personal injuries tried before the court, a jury having been waived, the defendant appeals. Judgment reversed on the facts and a new trial granted, costs to abide the event. In our opinion the conclusion reached by the trial court is against the weight of the credible evidence. Carswell, Taylor and Close, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote to affirm.